## In re HOFFMAN et al.

(Supreme Court, Special Term, Monroe County.   December 30, 1911.)

INTOXICATING LIQUORS (§ 34*)—SPECIAL TOWN MEETING—WHEN AUTHORIZED.
   Where at various times between 12:30 p. m. and the close of the polls in an election district of a town the bottom card of the voting machine, on which was printed the last two of the four excise questions, became displaced and slipped up, so that it covered a part of the card next above it, on which was printed the first two questions, so that the voters were misled in voting on the questions, there must be a resubmission of the local option propositions, as required by Liquor Tax Law (Consol. Laws 1909, c. 34) § 13.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 42; Dec. Dig. § 34.*]

---

Petition of Max M. Hoffman and others for a special town meeting in the Town of Webster for a resubmission of the local option question. Granted.

Horace G. Pierce (Frederick C. Goodwin, of counsel), for petitioners.

George Y. Webster and Miller P. Allen, for Town Board of Town of Webster.

William H. Burr, for interveners.

FOOTE, J. Section 13 of the liquor tax law provides that if for any reason the four local option propositions submitted to the electors of a town shall not have been properly submitted at the town meeting, such proposition shall be submitted at a special town meeting duly called; but the special town meeting shall only be called upon filing with the town clerk a petition and an order of the court, which may be granted upon sufficient reason being shown therefor and upon eight days' notice to the state commissioner of excise; also that upon such application the town board or any taxpayer of the town may intervene as a party and be heard in opposition thereto.

It is settled by authority where, by reason of any defect in voting machines or otherwise, the electors have not had a fair opportunity to vote the excise questions and have their votes properly registered or recorded, whereby the wishes of the majority of the voters who have exercised or attempted to exercise their right to vote upon these questions may not have been correctly ascertained, that then the excise questions are deemed not to have been properly submitted and they should be resubmitted at a special town meeting called for the purpose.

In the present case it satisfactorily appears that at various times between about 12:30 p. m. and the close of the polls in election district No. 1 of the town of Webster, the bottom card in the voting machine, on which was printed the last two of the four excise questions, became displaced and slipped up, so that it covered a part of the card next above it, on which was printed the first two excise questions, so that the voters may have been, and probably were, misled as to the proper pointer to turn up or down in voting upon these questions or some of them. A large number of votes were cast in this election district, at the average rate of about one per minute. The result shows a total vote on excise question No. 1 of 537; No. 2, 456; No. 3, 457; and No. 4, 405—while in the Second district of this town the total vote on question No. 1 was 238; No. 2, 237; No. 3, 245; and No. 4, 237.

This discrepancy between the total number of votes recorded in district No. 1 between question No. 1 and question No. 4 of 132 votes, and between questions Nos. 2 and 3 and question No. 4 of 51 or 52 votes, it seems impossible to account for, except upon the theory that the card upon which was printed questions Nos. 3 and 4 did become displaced and cause irregularity in voting. Nothing contained in the affidavits of the interveners or the town board accounts satisfactorily for this discrepancy, or shows that this card did not become displaced, as claimed by the petitioner. A large number of affidavits are

produced of voters who did not discover any such displacement, and who say, according to the best of their knowledge, information, and belief, it was not displaced; but it does not appear that they made such a critical examination as enables them to say with certainty whether it was or was not displaced.

It is important and necessary that the determination of the majority of the voters upon these questions, as at all other elections, should be correctly ascertained. Hence I think the petition in this case must be granted, and the excise questions resubmitted at a special town meeting to be called for that purpose.